604 S.E.2d 394

**Damon GRIFFIN, Respondent**

v.

**STATE of South Carolina, Petitioner.**

No. 25885.

Supreme Court of South Carolina.

Submitted Sept. 23, 2004.

Decided Oct. 25, 2004.

174

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Elizabeth R. McMahon, of Columbia, for petitioner.

Acting Deputy Chief Attorney Wanda P. Hagler, of Columbia, for respondent.

Justice MOORE:

We granted certiorari to determine whether the post-conviction relief (PCR) court erred by finding counsel ineffective for promising respondent a specific sentence. We reverse.

## FACTS

Respondent pled guilty to third-degree arson, second-degree burglary, criminal conspiracy, and malicious injury to property. He received ten-year concurrent sentences for the arson and injury to property charges. He also received fifteen years imprisonment for second-degree burglary and five years imprisonment for conspiracy. Those sentences were each to be served consecutive to the ten-year imprisonment terms for a total imprisonment period of thirty years. Respondent did not appeal. Thereafter, his PCR application was granted.

Respondent and Michael Easter (Easter) vandalized White Knoll High School, causing approximately $250,000 in damage. During the plea proceeding, the solicitor submitted respondent's prior criminal record and informed the plea court there were no plea negotiations and that the solicitor felt consecutive sentences would be appropriate.

Before accepting respondent's guilty plea, the plea court questioned respondent extensively about the plea, asking him, *inter alia,* whether he understood he could get fifteen years for second-degree burglary, ten years for arson, ten years for malicious injury to property, and five years for criminal conspiracy and whether he had been promised anything for pleading guilty.

The plea court sentenced respondent's accomplice in the crimes, Easter, earlier the same day. Easter was given a total sentence of twenty-two years imprisonment. At respondent's plea proceeding, before sentencing respondent, the court noted several factors he had considered in arriving at a sentence for respondent. First, that respondent's record was more severe than Easter's. Second, that both respondent and Easter had cooperated with law enforcement. Finally, the court stated the sentence he gave would send a message to the public to stay away from schools and other public institutions.

The court then sentenced respondent to a total imprisonment period of thirty years.

Respondent testified at the PCR hearing that he initially informed counsel that if his sentence would be more than twenty years, then he would go to trial. Respondent testified that, on the day of the plea, counsel told him he had talked to the plea judge and the judge told counsel respondent would get a sentence comparable to Easter's twenty-two year sentence. Respondent testified counsel gave him his word that he would not get more than twenty or twenty-two years if he pled guilty. Respondent stated if he had known an agreement did not exist whereby he would receive a sentence comparable to Easter's sentence, he would not have pled guilty but would have gone to trial.

Counsel testified he explained the maximum sentencing range to respondent and that there was no plea deal. He stated he told respondent he felt this particular judge would not give consecutive sentences for those charges.

Counsel testified the plea court, which had just heard Easter's plea, told counsel he did not see why the sentences for respondent would be any different from Easter's, unless he heard something new and different during the plea. Counsel stated he repeated this information to respondent and told him he felt comfortable respondent would receive a sentence in the twenty-two year range, but he did not guarantee such a sentence. Counsel testified that if he had known the sentence would have differed that much from Easter's, he would have recommended going to trial.

The PCR court found that because counsel advised respondent he would receive a sentence comparable to Easter's sentence, counsel was ineffective.

## ISSUE

Did the PCR court err by finding counsel ineffective for promising respondent a specific sentence?

## DISCUSSION

 To prove counsel ineffective when a guilty plea is challenged, petitioner must show that counsel's performance

was deficient and that, but for counsel's errors, there is a reasonable probability a guilty plea would not have been entered. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Jordan v. State,* 297 S.C. 52, 374 S.E.2d 683 (1988). A defendant who pleads guilty upon the advice of counsel may attack the voluntary and intelligent character of the guilty plea only by showing the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998) (quotations and citation omitted).

While counsel told respondent the plea court had indicated he would likely give respondent a sentence comparable to Easter's twenty-two year sentence, counsel made no promises. He also informed respondent there were no plea negotiations and informed him of the possible range of sentences. Further, the plea court informed respondent of the maximum sentences he could receive for the charges prior to respondent's plea being entered. The plea court also asked respondent whether he understood there were no promises made regarding his guilty plea. Respondent's answers to those questions reflect an awareness of the potential range of sentences and an understanding that he had not been promised anything in return for his guilty plea. Accordingly, counsel's performance was not deficient even though he related his belief to respondent that the court would give a twenty-two year sentence instead of the thirty years respondent received. *See Wolfe v. State,* 326 S.C. 158, 485 S.E.2d 367 (1997) (fact defendant "hoped" and "expected" to get reduced sentence does not render plea invalid; "wishful thinking regarding sentencing does not equal a misapprehension concerning the possible range of sentences"); *Harres v. Leeke,* 282 S.C. 131, 318 S.E.2d 360 (1984) (fact defendant "thought" judge would give lighter sentence not ground for relief); *State v. Dozier,* 263 S.C. 267, 210 S.E.2d 225 (1974) (disparate sentences between co-defendants is not per se abuse of discretion); *cf. Knox v. State,* 340 S.C. 81, 530 S.E.2d 887 (2000) (to be knowing and voluntary, plea must be entered with awareness of consequences of plea, *i.e.* proper advice by judge on mandatory minimum sentencing).

Therefore, the PCR court erred by granting respondent relief for ineffective assistance of counsel. *See Gilchrist v.*

*State*, 350 S.C. 221, 565 S.E.2d 281 (2002) (Court will not uphold findings of PCR court if no probative evidence supports those findings).

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.