618 S.E.2d 296

**Andrew W. BRIGHT, Jr., Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 26025.

Supreme Court of South Carolina.

Submitted March 16, 2005.

Decided Aug. 15, 2005.

356

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Chief, Capital & Collateral Litigation Donald J. Zelenka, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General David A. Spencer, all of Columbia, for Petitioner.

Acting Chief Attorney Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, of Columbia, for Respondent.

Chief Justice TOAL:

Andrew Bright (Respondent) was charged with three counts of kidnapping, three counts of pointing a firearm, and criminal sexual conduct in the third degree. After negotiating a plea agreement with the state, Respondent pled guilty to one count of kidnapping and three counts of pointing a firearm. Respondent was sentenced to eighteen years imprisonment for kidnapping and five years for each count of pointing a firearm, to be served concurrently with the kidnapping sentence. Respondent applied for post-conviction relief (PCR), and following a hearing, relief was granted on the basis that the plea was not freely and voluntarily given. This Court granted the State's petition for certiorari. We reverse.

### FACTUAL/PROCEDURAL BACKGROUND

The parties do not dispute the facts in this case. After moving from Florida to South Carolina, Respondent went to live with his half-sister and her husband. Eventually, Respondent moved across the street to live with his mother.

One day, while at his half-sister's house, Respondent and his half-sister got into an argument. At some point during the argument, Respondent left the house and went to his mother's house to get a shotgun and shotgun shells. When he returned to his half-sister's house, he pointed the shotgun at her, restrained her with a bathrobe belt, and made her get down on the floor. A couple of hours later, his half-sister's husband came home to find Respondent holding his half-sister at gunpoint. Respondent pointed the gun at the husband and told his half-sister to tie up her husband with an extension cord. Later, Respondent's mother arrived, and she, too, was tied up.

While the three were tied up, Respondent questioned them about family matters. Several hours later, satisfied that he had learned all of the information that he wanted, Respondent told his half-sister to call the police and she did. Respondent surrendered when the police arrived.

During the plea hearing, Respondent said, "[i]t's true that I did what I'm accused of doing, your honor. No one regrets it more than I do. I hesitate to say exactly what prompted me to do all of it, and I was provoked in part by my family members." A plea agreement was reached, which provided that if Respondent pled guilty, he would be charged with only one count of kidnapping and three counts of pointing a firearm. Accordingly, Respondent pled guilty to one charge of kidnapping and three charges of pointing a firearm and was sentenced to eighteen years imprisonment for kidnapping and five years for each count of pointing a firearm, to be served concurrently with the kidnapping sentence.[1] Respondent applied for PCR, and following a hearing at which plea counsel did not appear, relief was granted on the basis that the plea was not freely and voluntarily given. This Court granted the State's petition for certiorari to review the following issue:

Did the PCR court err in finding that counsel rendered ineffective assistance during the plea proceeding?

## LAW/ANALYSIS

### STANDARD OF REVIEW

 This Court gives great deference to the PCR court's findings of fact and conclusions of law. *Caprood v. State,* 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000) (citing *McCray v. State,* 317 S.C. 557, 455 S.E.2d 686 (1995)). On review, a PCR judge's findings will be upheld if there is any evidence of probative value sufficient to support them. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). If no probative evidence exists to support the findings, this Court will reverse. *Pierce v. State,* 338 S.C. 139, 144, 526 S.E.2d 222, 225 (2000) (citing *Holland v. State,* 322 S.C. 111, 470 S.E.2d 378 (1996)).

### DISCUSSION

 The state contends that the PCR judge erred in granting Respondent relief. We agree. To prove that counsel was ineffective when a guilty plea is challenged, petitioner must show that counsels performance was deficient and that, but for counsels errors, there is a reasonable probability a guilty plea

---

1. Respondent did not receive the maximum sentence for these crimes. For example, he could have received thirty-years imprisonment—the maximum sentence—for one charge of kidnapping alone.

would not have been entered. *Griffin v. State,* 361 S.C. 173, 176–77, 604 S.E.2d 394, 396 (2004).

■ At the PCR hearing, Respondent testified that counsel (1) did not take enough time to meet with him; (2) did not inform Respondent about his right to a bail hearing, a bond hearing, or preliminary hearing; and (3) admitted Respondent's guilt without Respondent's consent. Based on this testimony, the PCR court made the following findings:

(1) counsel did not adequately consider the grave nature of the indictments and failed to meet with and inform Respondent in a manner that would allow Respondent to make informed and voluntary decisions regarding his defense;

(2) counsel waived Respondent's substantive and procedural rights without Respondent's knowledge or consent; and

(3) Respondent's plea was not freely and voluntarily made because he was not adequately informed of his procedural rights and defenses, and was erroneously counseled to give affirmative responses to the trial judge during the plea.

As a result, the PCR court found that Respondent would not have pled guilty but for counsel's error.

We find no evidence to support the PCR court's findings. The record indicates that counsel met with Respondent on two separate occasions. Although Respondent's plea counsel did not appear at the PCR hearing, at the plea hearing, counsel stated, "I have taken some time, as I'm required to do, to go over with him the elements of the charges and how his actions would have satisfied those elements, both on pointing and kidnapping." Counsel also explained that he talked "a lot" with Respondent about taking the stand and giving his version of the facts, which were identical to the state's version. In addition, at the plea hearing, Respondent said that he was satisfied with his counsel's services, did not have any problems with counsel's representation, and that he regretted his crimes. Accordingly, we find that counsel was not ineffective.

Moreover, we find that counsel's plea negotiations for Respondent proved advantageous. Counsel successfully negotiated a plea agreement in which two kidnapping and one criminal sexual conduct charge were dropped. Moreover, the solicitor agreed to ask for twenty-years imprisonment for the

360

kidnapping charge, instead of the thirty years maximum statutory sentence. Finally, the solicitor asked that the sentences attaching to the pointing-a-firearm charges be served concurrent to the kidnapping charge. Therefore, counsel negotiated a favorable plea on Respondent's behalf.

CONCLUSION

For the foregoing reasons, we reverse the PCR court's ruling and reinstate Respondent's convictions and sentence.

**REVERSED**

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.