625 S.E.2d 224

**Stephen Ray ELLENBURG, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26091.**

Supreme Court of South Carolina.

Submitted Nov. 16, 2005.

Decided Jan. 9, 2006.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christopher L. Newton, all of Columbia, for petitioner.

Tara Dawn Shurling, of Columbia, for respondent.

Justice MOORE:

This case is before us on a writ of certiorari to review the lower court's order granting post-conviction relief (PCR). We reverse.

## FACTS

Respondent was convicted of safecracking, second degree burglary, and petit larceny for robbing a Subway Sandwich Shop where he was formerly employed. The robbery occurred on April 29, 1997, after the store closed and the last employee had left at 1:15 a.m. The store alarm set automatically at 2:00 a.m. and there was no sign of a break-in. The cash register indicated that it had been opened at 1:44 a.m. More than $400 was taken from the cash register, another $250 was taken from a file cabinet, and the dial on the store's safe was destroyed.

The store manager testified that all employees knew the code for the cash register, and employees who worked the closing shift, including respondent, knew the alarm set automatically at 2:00 a.m.

The only evidence linking respondent to the crime was the testimony of Jeremy Littleton. Littleton testified he planned the robbery with respondent and another man. Littleton, who was an employee at the time and had a key, unlocked the back door and waited while the other two went in and robbed the store. The three of them split the money.

During direct examination by the solicitor, Littleton testified as follows:

Q: Okay. How did you come about to get arrested?

A: I was sent to go do a polygraph test for everyone who had a key, and I gave Sergeant Moss my oral statement about what had went on and how I was involved.

Q: How did you feel about ——

A: I knew it was wrong. I felt my conscience had made me do what I had done. It made me come out and tell them what I had done.

Counsel moved for a mistrial based on Littleton's reference to a polygraph. The motion was denied.

In closing, counsel attempted to undermine Littleton's testimony:

But what did Jeremy testify to? He said, Yes. When I first went up to the law enforcement folks I denied that I was involved, and then the reason that he changed his story, they were getting ready to put him on a lie detector. So he changes his story and says he was involved and doesn't have to take a lie detector....

He's getting ready to go see Sergeant Moss, and he's been denying that he's been involved in this crime. Then they're getting ready to put him on a lie detector, and what does he do? He says, Let me tell you what happened. Does he tell them the truth? No. He doesn't tell them the truth. He gives them partial truth. He admits part of it, but what doesn't he do? He never puts himself inside the building.

In response, the solicitor argued:

Why would he (Jeremy Littleton) lie? How was he being helped by making up this story? He has no deal with me. He is charged with the exact same crimes as the other two defendants. He came up here, got on this stand, swore on

the Bible, put his hands behind his back and stuck his chin out, and said, Solicitor, take your best shot at me. . . . Never mind that he had no deal with me, ladies and gentlemen, he had no deal with [Sergeant] Moss when he went in and talked to him. When he came in, knowing that he was going to be put on the polygraph and confess because he knew that polygraph would catch him lying.

After respondent's conviction was affirmed on appeal, he commenced this PCR action. The PCR judge found counsel was ineffective for failing to object to the solicitor's closing argument regarding the polygraph.

## ISSUE

Was counsel ineffective for failing to object to the solicitor's closing?

## DISCUSSION

■■ First, the mere mention of a polygraph during testimony is not prejudicial where, as here, no results are introduced into evidence. *Bruno v. State,* 347 S.C. 446, 556 S.E.2d 393 (2001). Further, counsel testified he mentioned the polygraph during closing to give the jury an explanation that would exonerate his client *i.e.,* Littleton told a "partial truth" to avoid having to take a polygraph, which would have revealed that he committed the robbery himself. Counsel's strategy was a reasonable way to cast doubt on Littleton's testimony implicating respondent. *Stokes v. State,* 308 S.C. 546, 419 S.E.2d 778 (1992) (where counsel articulates valid reasons for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel).

We find the solicitor's argument was in fair response to counsel's argument regarding the polygraph. Once the defendant opens the door, the solicitor's invited response is appropriate so long as it is does not unfairly prejudice the defendant. *Cf. Vaughn v. State,* 362 S.C. 163, 607 S.E.2d 72 (2004) (solicitor's comments not proper under invited response doctrine where there was no evidence to support them). Since the evidence was that Littleton did not actually take the polygraph, it was arguable that either he told only a partial truth, as counsel argued, or he told the whole truth, implicat-

ing respondent as the solicitor argued. Accordingly, the solicitor's argument was not unfair and counsel was not ineffective for failing to object.

## CONCLUSION

Since the PCR judge's ruling finding counsel ineffective is not supported by the evidence, the order granting relief is reversed. *See Bright v. State*, 365 S.C. 355, 618 S.E.2d 296 (2005) (grant of PCR reversed where not supported by the record).

**REVERSED.**

TOAL, C.J., BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.