THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mario Benson, Respondent
 v.
 State of South Carolina, Petitioner
 
 
 

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge
Unpublished Opinion No. 2007-UP-523
Submitted October 1, 2007  Filed November
 13, 2007
REVERSED

 
 
 
 Assistant Attorney General Lance S. Boozer and Assistant Deputy
 Attorney General Salley W. Elliott, both of Columbia, for Petitioner.
 Assistant Appellate Defender Robert Pachak, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: 
 Mario Benson filed a petition for post-conviction relief (PCR).  Granting
 Bensons petition, the trial court ordered a new trial.  The State petitioned
 this court for certiorari.  The parties briefed the issues and after review, we
 reverse.[1]
FACTS
Benson
 pled guilty to two counts of trafficking crack cocaine and one count of
 possession with intent to distribute crack cocaine.  After a plea hearing, the
 trial judge sentenced Benson to concurrent imprisonment terms of fifteen years
 on each trafficking charge and ten years on the possession charge.  Benson did
 not appeal.  
Benson later filed
 this PCR action alleging, among other claims, that his counsel was ineffective
 in:  1) failing to properly investigate a search and seizure issue; and 2)
 failing to advise Benson of his right to challenge the search and seizure at a
 trial.  
At the plea
 hearing, Benson admitted telling his counsel one version of the underlying
 facts.  The judge questioned Benson about whether counsel explained potential
 defenses.  Plea counsel confirmed, stating:  [W]e discussed the exclusion of
 evidence and the possibilities there and discussed perhaps the legal searches
 and seizures.  Benson agreed, stating:  I recall we talked about search and
 seizure.  Benson then admitted he did not have a defense and knew of no reason
 why he should not be found guilty.  The judge explained Bensons rights to him
 and the solicitor recited the facts. 
The
 recital indicated that following a traffic stop on February 3, 1999, Benson
 consented to a vehicle search resulting in the discovery of crack cocaine.  The
 solicitor also stated that on June 9, 2000, the police stopped Benson after
 receiving information from a confidential informant that Benson was
 transporting drugs.  Benson gave the officers permission to search his vehicle
 and person.  When nothing was located, Benson allowed the officers to search
 his residence and basically told [the officers] where the drugs were
 located.  Benson agreed with the facts as presented and pled guilty. 
At the PCR hearing,
 Benson argued plea counsel failed to investigate.  Additionally, Benson provided
 a different version of the underlying facts.  Under this version, Bensons first
 stop occurred as a result of his speeding. 
The officer found Benson had
 an outstanding arrest warrant and placed him in the back of the patrol car.  Benson
 then consented to a search of the car.  The search turned up a film canister containing
 drugs.  
As
 to the second search, Benson testified he was stopped as a result of a
 confidential informants tip.  Benson allowed the officers to search his car
 and when they found nothing they searched Bensons person and found a key.  Using
 the key, the officers attempted to open four different apartments.  The key fit
 the door to Bensons girlfriends apartment.  Benson stated the officers found
 the drugs in her apartment only after interrogating Benson and threatening to
 arrest his girlfriend and take his child.  Benson admitted to ownership of the
 drugs.  
Benson alleged he
 told his plea counsel this version of the facts and argued counsel was
 ineffective for failing to investigate and failing to move for suppression of
 the drugs and Bensons confession.  Benson averred his counsel never told him
 of his right to have a suppression hearing and if he had known he would not
 have pled guilty.  When questioned regarding his admittance of the facts as
 presented at the plea hearing he stated:  Well, I didnt know I was violated 
 my Constitutional rights were violated.  I was ignorant of the law and I didnt
 know and I was thinking I was going to do five years of a fifteen year
 sentence.  
Plea
 counsel testified at the PCR hearing stating the facts as recited at the plea hearing
 were as described to him by Benson and consistent with the incident reports.  Also,
 counsel testified that if Benson had wanted to go to trial, counsel would have
 filed a motion to suppress.    
The
 PCR court found trial counsel ineffective for failure to investigate and
 properly advise Benson that a motion to exclude would have been successful
 based on:  1) an unlawful detention by the officers after a routine traffic
 stop; and 2) an illegal warrantless search.  The court also found the State
 offered no evidence on the legality of the search other than the testimony of
 the plea counsel.  The court thus granted PCR and ordered a new trial.
STANDARD OF REVIEW
The appellate court gives great deference to the post-conviction 
relief courts findings of fact and conclusions of law.  Dempsey v. State, 363
 S.C. 365, 368, 610 S.E.2d 812, 814 (2005).  On review, a PCR judges findings
 will be upheld if there is any evidence of probative value sufficient to
 support them.  Cherry v. State, 300 S.C. 115, 119, 386 S.E.2d 624, 626
 (1989).  The Court will not uphold the findings when there is no probative
 evidence to support them.  Holland v. State, 322 S.C. 111, 113, 470
 S.E.2d 378, 379 (1996).  
LAW/ANALYSIS
The State contends
 the PCR court erred in finding there was probative evidence to support Bensons
 claims that plea counsel was ineffective and that Benson should receive a new
 trial.  We agree.  
When
 alleging ineffective assistance of counsel after a guilty plea, an applicant in
 a PCR action must show:  1) counsels representation fell below an objective
 standard of reasonableness; and 2) but for counsels unprofessional errors,
 there is a reasonable probability the applicant would not have pled guilty but
 would have insisted upon going to trial.  Jordan v. State, 297
 S.C. 52, 54, 374 S.E.2d 683, 684 (1988).  The burden is on the applicant in a
 post-conviction proceeding to prove the allegations in his application.  Butler v. State, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985).  
 
The
 PCR court essentially found plea counsel ineffective for failure to investigate
 and failure to request a suppression hearing based on the applicants testimony
 at the PCR hearing.[2] 
 We conclude the focus must be on whether the plea counsel was ineffective based
 on the knowledge he had at the time of the plea.  See Harres v.
 Leeke, 282 S.C. 131, 133, 318 S.E.2d 360, 361 (1984) (review of a PCR
 action arising from a guilty plea requires an examination of the records of
 both the plea proceeding and the PCR hearing).
The
 record does not contain probative evidence to support the finding that plea counsel
 was ineffective in failing to investigate and file a motion to suppress based
 on the facts evident at the time of the plea hearing.  Benson admitted to the
 States version of the facts at the plea hearing.  These facts were consistent
 with the incident reports and plea counsels PCR testimony recollecting his
 knowledge at the time of the plea hearing.  The routine nature of a plea
 hearing is not an invitation to answer queries untruthfully.  Wolfe v. State, 326
 S.C. 158, 164-65, 485 S.E.2d 367, 370-71 (1997).  Furthermore, counsel
 error is generally cured by an applicants acknowledgements at a plea hearing.  See id. (finding any possible error by trial counsel cured by
 applicants acknowledgements at the plea hearing).  Here, because Benson acknowledged at the plea hearing
 that the facts were as recited by the solicitor, there was no need for counsel
 to investigate or move to suppress the evidence.  Ergo, we find no ineffective
 representation of counsel.   
Moreover,
 we find that plea counsels negotiations on Bensons behalf proved advantageous. 
 The plea court accepted the negotiated plea of fifteen years imprisonment for
 the trafficking offenses and ten years on the possession with intent to
 distribute offense, all to run concurrently.  These offenses carry maximum
 terms that could have resulted in sentences requiring Benson to serve a much
 longer prison term.  See Bright
 v. State, 365 S.C. 355, 359-60, 618
 S.E.2d 296, 298 (2005) (considering trial counsels plea negotiation
 efforts and results in PCR action alleging ineffective assistance of counsel).
Accordingly,
 the order granting PCR and a new trial is
REVERSED.
HEARN,
 C.J., STILWELL, J., and GOOLSBY, A.J., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2] We note the ultimate issues regarding the legality of the stops,
 searches, and admissibility of the evidence were not proper for consideration
 on post-conviction relief.  See Simmons v. State, 264 S.C. 417,
 422-23, 215 S.E.2d 883, 885 (1975) (finding post-conviction relief action not
 proper forum to determine sufficiency of evidence issue).