**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tyquin Terrell Jenkins, Appellant.

Appellate Case No. 2019-000284

Appeal From Orangeburg County
Maite Murphy, Circuit Court Judge

Unpublished Opinion No. 2021-UP-263
Submitted May 1, 2021 – Filed July 14, 2021

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

**PER CURIAM:** Tyquin Terrell Jenkins appeals his convictions for first-degree criminal sexual conduct and kidnapping, for which he was sentenced to concurrent sentences of thirty years' imprisonment. On appeal, Jenkins argues the trial court

erred in finding he opened the door to the elicitation of portions of his statement to law enforcement during opening remarks and in failing to give a curative instruction to the jury. Because Jenkins asserted in his opening statement that he told law enforcement he would never hurt anyone, we find the trial court did not abuse its discretion by allowing the limited testimony from one of the investigators, which demonstrated Jenkins's statement to law enforcement was not truthful. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *id*. at 6, 545 S.E.2d at 829 ("[The appellate court is] bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Page*, 378 S.C. 476, 482, 663 S.E.2d 357, 360 (Ct. App. 2008) ("It is firmly established that otherwise inadmissible evidence may be properly admitted when opposing counsel opens the door to that evidence."); *id*. at 483, 663 S.E.2d at 360 ("Whether a person opens the door to the admission of otherwise inadmissible evidence during the course of a trial is addressed to the sound discretion of the trial [court]."); *Ellenburg v. State*, 367 S.C. 66, 69, 625 S.E.2d 224, 226 (2006) ("Once the defendant opens the door, the [State's] invited response is appropriate so long as it is does not unfairly prejudice the defendant."); *State v. Dunlap*, 353 S.C. 539, 541, 579 S.E.2d 318, 319 (2003) (holding a criminal defendant's opening statement, which created the impression he had no prior connection to the sale of narcotics, opened the door to the introduction of evidence rebutting the contention that the defendant was merely an addict).[1]

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] Additionally, because there was no error there was no need for the trial court to issue a curative instruction. *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("To warrant reversal, a trial [court's] refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *id*. at 479, 697 S.E.2d at 584 ("An appellate court will not reverse the trial judge's decision regarding a jury charge absent an abuse of discretion."); *State v. Walker*, 366 S.C. 643, 658, 623 S.E.2d 122, 129 (Ct. App. 2005) ("Generally, a curative instruction is deemed to have cured any alleged error").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.