**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Rickey Dean Tate, Appellant.

Appellate Case No. 2019-001856

—————

Appeal From York County
Jocelyn Newman, Circuit Court Judge

—————

Unpublished Opinion No. 2022-UP-228
Submitted April 1, 2022 – Filed May 25, 2022

—————

**AFFIRMED**

—————

Appellate Defender Sarah Elizabeth Shipe, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia; and Solicitor Kevin Scott Brackett, of York,
all for Respondent.

—————

**PER CURIAM:**  Rickey Dean Tate appeals his conviction for possession with
intent to distribute (PWID) cocaine base and sentence of life imprisonment without
parole.  On appeal, Tate argues the trial court abused its discretion by admitting

testimony that he was on supervised release when he was arrested for the PWID charge.

Because Tate opened the door by introducing the entire body camera footage to the jury, the trial court did not abuse its discretion by allowing limited testimony through repetition of a statement disclosed in the footage that Tate was on supervised release at the time of his arrest. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* ("This Court is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Page*, 378 S.C. 476, 482, 663 S.E.2d 357, 360 (Ct. App. 2008) ("It is firmly established that otherwise inadmissible evidence may be properly admitted when opposing counsel opens the door to that evidence."); *id.* at 483, 663 S.E.2d at 360 ("Whether a person opens the door to the admission of otherwise inadmissible evidence during the course of a trial is addressed to the sound discretion of the trial [court]."); *Ellenburg v. State*, 367 S.C. 66, 69, 625 S.E.2d 224, 226 (2006) ("Once the defendant opens the door, the [State's] invited response is appropriate so long as it is does not unfairly prejudice the defendant."); *State v. Heyward*, 426 S.C. 630, 637, 828 S.E.2d 592, 595 (2019) ("Testimony in response must be 'proportional and confined to the topics to which counsel ha[s] opened the door.'" (quoting *Bowman v. State*, 422 S.C. 19, 42, 809 S.E.2d 232, 244 (2018))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.