**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Charles Barham, Appellant.

Appellate Case No. 2019-001981

—————————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

—————————

Unpublished Opinion No. 2024-UP-182
Submitted May 8, 2024 – Filed May 22, 2024

—————————

**AFFIRMED**

—————————

Katherine Carruth Goode and Jack B. Swerling, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Senior Assistant Attorney General J. Anthony Mabry, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

—————————

**PER CURIAM:**  In August 2019, a jury convicted Charles Brandon Barham of the 2015 murder of Charles Kusko and on related charges of first-degree burglary, common-law conspiracy, and possession of a weapon during the commission of a violent crime.  The trial court sentenced Barham to concurrent terms of forty years' imprisonment for murder, forty years' imprisonment for burglary, five years' imprisonment for conspiracy, and five years' imprisonment for the weapon charge. Barham appeals his convictions and sentences, challenging the admission of testimony from Kusko's daughter that Kusko had accused Barham of stealing tools and rebuttal testimony from a co-participant regarding Barham's alleged participation in an unrelated burglary in 2007.  Barham further argues he was denied a fair trial because of the cumulative effect of these two alleged errors.  We affirm.

We decline to address the merits of Barham's argument that the trial court erred in admitting testimony from Laurin Barnes, Kusko's daughter, that Kusko told her Barham had stolen tools from him.  After the State made a proffer of Barnes's testimony, the trial court—over objections from the defense that the statement was inadmissible hearsay, improper character evidence, and unduly prejudicial—ruled in limine it was relevant to show motive, admissible under the state of mind exception to the hearsay rule, and its prejudicial effect did not outweigh its probative value.  When the jury returned, the State presented three other witnesses before calling Barnes, and the defense did not renew any of its prior objections when Barnes testified.  Barham, therefore, failed to preserve this issue for appellate review.  *See State v. Morales*, 439 S.C. 600, 606-07, 889 S.E.2d 551, 555 (2023) (recognizing that if no evidence is offered between a preliminary ruling and the admission of the evidence ruled upon, the decision is final and there is no need for an additional objection, but noting an additional contemporaneous objection is usually required when additional evidence is offered in the meantime); *State v. Wiles*, 383 S.C. 151, 156, 679 S.E.2d 172, 175 (2009) ("Generally, a motion *in limine* is not a final determination; a contemporaneous objection must be made when the evidence is introduced."); *id.* (acknowledging "an exception to this general rule," i.e., "when a ruling on the motion *in limine* is made 'immediately prior to the introduction of the evidence in question'" (quoting *State v. Forrester*, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001))); *State v. Mueller*, 319 S.C. 266, 268, 460 S.E.2d 409, 410 (Ct. App. 1995) ("Because the evidence developed during trial may warrant a change in the ruling, the losing party must renew his objection at trial when the evidence is presented in order to preserve the issue for appeal.").

Barham further argues the trial court erred in admitting rebuttal testimony from Floyd Owen, a co-participant in Kusko's murder who testified for the State after pleading guilty to indictments identical to those issued against Barham, in which Owen gave details of a 2007 burglary in which he and Barham participated. The trial court admitted the testimony based on its determination that the defense's cross-examination of another witness opened the door to the evidence about the earlier crime. We uphold the trial court's admission of the testimony.

"A party may introduce inadmissible evidence in rebuttal when the opponent places a fact at issue." *State v. Simmons*, 430 S.C. 1, 14, 841 S.E.2d 845, 852 (2020). "Whether a person opens the door to the admission of otherwise inadmissible evidence during the course of a trial is addressed to the sound discretion of the trial judge." *State v. Page*, 378 S.C. 476, 483, 663 S.E.2d 357, 360 (Ct. App. 2008). "Once the defendant opens the door, the solicitor's invited response is appropriate so long as it does not unfairly prejudice the defendant." *Ellenburg v. State*, 367 S.C. 66, 69, 625 S.E.2d 224, 226 (2006). "Testimony in response must be 'proportional and confined to the topics to which counsel had opened the door.'" *State v. Heyward*, 426 S.C. 630, 637, 828 S.E.2d 592, 595 (2019) (quoting *Bowman v. State*, 422 S.C. 19, 42, 809 S.E.2d 232, 244 (2018)).

When the State initially called Owen, neither party questioned him about the prior burglary. Sometime after Owen testified, the State called Kevin Reese, the investigating officer in the case, who discussed the lengthy investigation and explained Barham was arrested only after law enforcement interviewed Owen and corroborated the details of his account of Barham's participation in Kusko's murder. On cross-examination, Reese admitted he once described Owen as a "snake" and a "rat"; defense counsel then asked him about the 2007 burglary, asserting that after Owen was charged, Owen "tried to bring [Barham's] name into it, and there was no credibility in that case either." Although Reese responded that he recalled the earlier incident, he explained it was not his case and he therefore did not "know whether there was credibility or not" in Owen's accusation of Barham.[1]

Thereafter, the State advised the trial court of its desire to recall Owen to rebut the accusation that he falsely implicated Barham in the 2007 burglary, arguing the defense opened the door to the rebuttal testimony from Owen. Defense counsel opposed the State's request to recall Owen. After researching the matter and hearing several other witnesses, the trial court informed the parties it was inclined

---

[1] Barham was charged in the 2007 burglary, but the charge was later dismissed.

to find the defense opened the door to evidence about the 2007 burglary; however, it requested to hear Owen's testimony before allowing him to testify before the jury. Before Owen testified in the jury's absence, the court suggested it could conduct a balancing test to determine if the prejudicial effect of the testimony outweighed its probative value; however, neither party requested the test, and no on-the-record balancing took place. Immediately after the proffer, the jury returned to the courtroom and heard Owen's rebuttal testimony, which was consistent with the proffer.

On appeal, Barham argues he did not open the door to Owen's rebuttal testimony because his questions to Reese did not elicit the response he was seeking. However, prior case law supports the proposition that a trial court's determination that a party has opened the door to otherwise inadmissible evidence can be based solely on the questions that the party has asked a witness. *See State v. Stroman*, 281 S.C. 508, 513, 316 S.E.2d 395, 399 (1984) ("Once appellant's counsel *initiated the questioning* concerning [a witness's] prior acts of theft, the State was free to question [the witness] as to the details of any prior crime involving the stealing of money." (emphasis added)). In the present case, it is apparent from the question itself, as well as the other questions defense counsel asked Reese on cross-examination, that the defense sought to discredit Owen by conveying to the jury that he had falsely implicated Barham in a burglary several years before Kusko's murder. Under these circumstances, we hold the State properly exercised its right to present testimony from Owen that would show his accusation against Barham was credible. *See State v. Northcutt*, 372 S.C. 207, 221, 641 S.E.2d 873, 880 (2007) (indicating a party should be allowed to present evidence to correct a "false impression" that the opposing party has conveyed to the jury). Therefore, the trial court acted within its discretion in admitting Owen's rebuttal testimony.

Barham also argues that even if the defense had opened the door to the admission of Owen's rebuttal testimony about Barham's involvement in the prior burglary, this testimony was grossly disproportionate and extremely prejudicial to him. We decline to address this argument because it has not been preserved for appellate review. Although the trial court indicated its willingness to conduct an on-the-record balancing test, the record does not indicate a balancing test was done. *See State v. Smith*, 391 S.C. 353, 365, 705 S.E.2d 491, 497 (Ct. App. 2011) (stating the defendant has the duty to raise arguments regarding an improper Rule 403 analysis to the trial court), *rev'd on other grounds*, 406 S.C. 215, 750 S.E.2d 612 (2013).

Finally, Barham argues that if this court determines the trial court erred in admitting Barnes's testimony and Owen's rebuttal testimony but further finds neither error alone is sufficiently prejudicial to warrant reversal, the cumulative effect of the errors warrants the grant of a new trial. Because we have not found error in the admission of either Barnes's testimony or Owen's rebuttal testimony, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive of the appeal).

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.