23110

Lavern Holiday CHERRY, Petitioner v. STATE of South Carolina, Respondent.

(386 S. E. (2d) 624)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey* of *S. C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Salley W. Elliott,* Columbia, *for respondent.*

Submitted Dec. 9, 1988.

Decided Dec. 4, 1989.

TOAL, Justice:

Laverne Holiday Cherry was convicted of first degree burglary and received a twenty year sentence. Cherry filed an application for Post-Conviction Relief (PCR) on the grounds of ineffective assistance of counsel. Following an evidentiary hearing, his application was denied. We granted Cherry's Petition for Certiorari to review the findings of the PCR court pursuant to Supreme Court Rule 50(9).

Cherry contends that he was denied effective assistance of counsel because counsel (1) failed to object to the solicitor's references to Cherry as "Doc Holliday" and (2) failed to ensure the presence of an alibi witness. He also contends that he was denied the right to appeal.

## A. *Ineffective Assistance of Counsel*

A two-prong test for determining effective assistance of counsel has been set forth by the U. S. Supreme Court in *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984). First, a defendant must show that counsel's performance was deficient. Under this prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." 466 U. S. at 688, 104 S. Ct. at 2065. The second prong of the *Strickland* test requires a showing that the deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." The defendant is required to overcome the presumption that counsel was effective in order to receive relief.

### References to Cherry as "Doc Holiday"

During the trial, the solicitor and several witnesses referred to Cherry by his nickname, "Doc Holliday." Cherry seeks to equate this with the solicitor's repeated references to a death penalty defendant as "Mad Dog," *see, State v. Hawkins*, 289 S. C. 482, 347 S. E. (2d) 98 (1986), and alleges his counsel was ineffective in failing to object to the use of this nickname.

At the PCR hearing, Cherry's trial counsel testified that he did not contemplate objecting to the use of "Doc Holliday" since Cherry was well known locally by that name. He also noted that no negative connotations arose at trial from use of the nickname. The PCR judge concluded that counsel's action was based upon informed professional trial strategy and did not constitute ineffective assistance of counsel. We agree and uphold the findings of the PCR judge.

### Alibi Witness

Cherry contends that his trial counsel was ineffective in failing to ensure the presence of an alibi witness, Richard Brockington. The trial counsel testified that he interviewed Brockington a day or two before the trial. Brockington appeared to be cooperative and therefore was not subpoenaed at that time. The trial was called suddenly and the trial counsel was unable to locate Brockington in order to serve the subpoena. Another witness was located to testify to approximately the same evidence.

Brockington's testimony would have indicated that he had seen Cherry in the B-Q Lounge on the night of the burglary. Brockington told the trial counsel, however, that he could not say that he saw Cherry frequently enough that he could not have gone out, committed the crime and returned to the lounge.

The PCR judge found that counsel's failure to ensure the presence of Brockington did not constitute deficient performance nor did it prejudice Cherry. Brockington's testimony would have been cumulative and would not have constituted

an alibi because he could not definitely account for Cherry's whereabouts during the time the crime was committed.

We conclude that there is evidence to support the PCR judge's findings. *See, Webb v. State,* 281 S. C. 237, 314 S. E. (2d) 839 (1984).

## B. *Denial of Right to Appeal*

At the PCR hearing, Cherry testified that his counsel failed to inform him of his right to appeal. Trial counsel testified that he usually informed his clients at the conclusion of the trial that "they needed to check with somebody at C. C. I. . . . ." He stated that while he felt confident that he had given Cherry such notice of his right to appeal, he did not have an independent recollection of that conversation. He also admitted that there was a possibility that he did not inform Cherry of his right to appeal.

The PCR judge stated that "[i]t is also counsel's practice to inform all clients of the right to appeal and this Court finds that counsel so informed [Cherry]."

The appropriate scope of review of this Court is that "any evidence" of probative value is sufficient to uphold the PCR judge's findings. *Webb v. State,* 281 S. C. 237, 314 S. E. (2d) 839 (1984).

An indigent defendant has the right to be informed of an appeal and the manner and method for taking the appeal. *Nelson v. Peyton,* 415 F. (2d) 1154 (4th Cir. 1969). Furthermore, Supreme Court Rule 51 E(3) provides in pertinent part:

> After conviction of an accused who has been represented by appointed counsel or Public Defender, the Office of Appellate Defense shall represent the accused until final judgment. After serving and filing a Notice of Intent to Appeal for an accused who desires to appeal, appointed counsel and Public Defenders shall be automatically relieved as appellate counsel for the accused. . . .

In this case, there is no evidence that trial counsel informed Cherry as to the manner and method for taking the appeal. Nor is there evidence that counsel attempted to ascertain whether or not Cherry wanted to

appeal his conviction so that counsel could file the Notice of Appeal. We conclude that Cherry did not knowingly and intelligently waive the right to a direct appeal. Therefore, we will review alleged trial errors pursuant to our decision in *White v. State*, 263 S. C. 110, 208 S. E. (2d) 35 (1974).

Cherry alleges that the court should have charged ██ third degree burglary because there was a question whether (1) the items were stolen from a building rather than a dwelling and (2) the crime occurred after dark. *See*, S. C. Code Ann. §§ 16-11-310 and 16-11-313 (Supp. 1987).

The law to be charged is determined by the evidence presented at trial. *State v. Goldenbaum*, 294 S. C. 455, 365 S. E. (2d) 731 (1988). Here, the uncontroverted evidence showed that the items were stolen from a storeroom attached to the victim's home and that it was "completely dark" at the time of the theft. Since there was no evidence that Cherry committed the lesser offense of third degree burglary, the trial judge did not err in refusing his request to charge. Therefore, even if counsel had properly notified Cherry of his right to appeal and the conviction had been appealed, the result of the proceeding would not have been different. The alleged trial error raised by appellant is without merit.

Accordingly, the judgment of the lower court is affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.