## 23356

William Hank QUILLIAMS, Petitioner v. STATE of South Carolina, Respondent.

(401 S.E. (2d) 417)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey, of South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Staff Atty. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted Sept. 26, 1990.

Decided Feb. 25, 1991.

*Per Curiam:*

Petitioner pleaded guilty to grand larceny and was sentenced to five years imprisonment. No direct appeal was taken. We granted certiorari to review the denial of post-conviction relief (PCR) and now affirm.

Petitioner claims the PCR Judge erred in failing to vacate his guilty plea because Petitioner was not aware that the Solicitor's commitment to drop other charges in return for the plea was of no value to him. *See Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. (2d) 747 (1970).

The facts are as follows. Ms. Undean Wilson, an employee at Wal-Mart in Gaffney, South Carolina, saw Petitioner leave the store with a shopping cart containing a videocassette recorder and a color television set. He had not paid for these items. Ms. Wilson stopped Petitioner and asked him to return to the store. Petitioner pushed Ms. Wilson, nearly knocking her down, and ran off. Another employee gave chase but stopped when Ms. Wilson shouted a warning to him. She noticed something shiny in Petitioner's hand which she feared was a pistol. Both witnesses described Petitioner as being intoxicated. Petitioner was arrested a short time later.

As a result, Petitioner was charged with grand larceny, pointing a firearm, unlawful possession of a firearm, assault and battery, and public drunkenness. The last two charges were disposed of in municipal court. Petitioner testified at the PCR hearing that before his trial on the remaining three charges, he agreed to plead guilty to grand larceny in exchange for probation or a suspended sentence and a dismissal of the two firearm charges. On appeal, Petitioner claims his plea was not a knowing and voluntary one because he was unaware dismissal of the two firearm charges was of no value since there was no evidence to support a conviction on these charges. The PCR Judge ruled the plea was knowing and voluntary and we find ample evidence in the record to support this finding.

Harry Cline, the public defender who represented Petitioner on these charges, testified undisputedly at the PCR hearing that police officers and the Solicitor, unbeknownst to and out of the presence of Cline, talked with Petitioner, who then agreed to the guilty plea without informing Cline. Petitioner makes much of this fact on appeal to support his argument the plea was uninformed. This argument, however, ignores other facts in the record.

Cline testified he learned of the plea agreement on the day of the plea but *before* the plea was taken. He testified, "I told [Petitioner] that I thought that would be all right, that I'd rec-

ommend that, because if it went to trial, that I believed they could convict him of the grand larceny." He testified he and Petitioner had previously discussed the fact there was no evidence to support a conviction on either of the firearms charges because Ms. Wilson had said only that she saw something shiny in Petitioner's hand and could not describe more specifically what it was. He also advised Petitioner of the possible ten-year sentence he could receive for grand larceny.

The actions of the Solicitor in this case were clearly improper. It should be unnecessary for this Court to admonish any attorneys, including Solicitors, from engaging in negotiations with the client of opposing counsel.

On the record before us, however, we find there is evidence to support the PCR Judge's finding Petitioner's plea was knowing and voluntary. *See Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989) (this Court will affirm PCR Judge's finding unless without evidentiary support).

Accordingly, the judgment of the PCR Judge is

Affirmed.