23673

Mansa Musa BANSHEE, Petitioner v.
STATE of South Carolina, Respondent.

(418 S.E. (2d) 313)

Supreme Court

*Asst Appellant Defender Tara Dawn Shurling, South Carolina Office of Appellate Defense*, Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted Dec. 6, 1991.

Decided June 8, 1992.

*Per Curiam:*

We granted certiorari to review the denial of Post-Conviction Relief (PCR) to Petitioner, Mansa Musa Banshee (Banshee).

We reverse.

## FACTS

Banshee was convicted of armed robbery, kidnapping, pos-

session of a sawed-off shotgun and conspiracy in connection with the robbery of a Florence, South Carolina, restaurant. He was concurrently sentenced to twenty-five years, life, ten years and five years, respectively. The kidnapping and armed robbery convictions, when added to Banshee's prior conviction for a crime of violence, render him ineligible for parole. S.C. Code Ann. § 24-21-640 (1989).

The evidence against Banshee was circumstantial, consisting of bank bags, cash, dark ski-masks and two sawed-off shotguns, all recovered from his trailer. None of the robbery victims could identify Banshee as one of the perpetrators.

Throughout trial, Banshee denied any involvement in the robbery/kidnapping, contending that he had received the recovered items from two acquaintances as part of a "business transaction." He testified, "I was to maintain the security of these items until they were ready to move them on." He further denied any knowledge of the robbery prior to its occurrence, learning only of it at a later date.

At one point during trial, counsel for Banshee advised the Court that "We're trying to defend our client on the basis that they are not the perpetrators of this offense."[1] Counsel then stated that Banshee would testify that two men "brought this merchandise to his trailer and asked him to hold it. . . ."

At the close of evidence, the Solicitor reminded the trial judge of the receiving stolen goods charge, stating "under Mr. Banshee's testimony [it] is an alternative, I suppose, that [the jury has] to consider." At this point, counsel for Banshee moved to dismiss the charge on the ground that there was no evidence of receiving stolen goods. The charge was then dismissed with the Solicitor's consent. Banshee was convicted of armed robbery, kidnapping, conspiracy and possession of a sawed-off shotgun.

Banshee filed for PCR, alleging ineffective assistance of counsel in failing to consult with him prior to having the charge of receiving stolen goods removed from the jury's consideration. He contended that, had the receiving stolen goods charge remained in the case, the jury might well have con-

---

[1] Banshee was tried with a co-defendant, Richard Stokes. Stokes maintained that he neither lived in Banshee's trailer nor had any knowledge of the items found there. Accordingly, Stokes is not affected by the present matter.

victed him of this lesser, and nonviolent, offense, rather than the violent crimes for which he was convicted.

PCR Court denied relief on the ground that there was no evidence to support the charge of receiving stolen goods.

## ISSUE

Was counsel ineffective in moving, successfully, for dismissal of the charge of receiving stolen goods?

## DISCUSSION

The burden is on the applicant in postconviction proceedings to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985). As to allegations of ineffective assistance of counsel, the applicant must show (1) that counsel's performance was deficient and (2) that he was prejudiced by the deficiencies. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989). This Court must affirm the findings of the PCR judge if they are supported by any evidence. *Cherry v. State, supra.*

Here, Banshee's contention that counsel was ineffective is valid. With removal of the nonviolent charge of receiving stolen goods, the jury was left with two extreme alternatives, to wit, convict him of the violent crimes or acquit him. There being in the record abundant evidence upon which to base a conviction for receiving stolen goods, the jury should have been permitted to consider this third alternative.

PCR judge was in error in finding no evidence in the record of Banshee's receiving stolen goods. Moreover, Banshee was prejudiced by dismissal of that charge.

Banshee's conviction for armed robbery and kidnapping, constituting a second violent offense, resulted in sentences of 25 years and life, and ineligibility for parole. On the other hand, had Banshee been convicted of receiving stolen goods, the charge would not have constituted a second violent offense, and Banshee would have remained eligible for parole.

We find that counsel, in bringing about dismissal of the charge for receiving stolen goods, was ineffective.

Reversed and remanded for a new trial.

GEORGE T. GREGORY, JR., C.J., not participating.