24419

Richard HOLLAND, Respondent v. STATE of South Carolina, Petitioner.
(470 S.E. (2d) 378)

Supreme Court

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby,* Columbia, *for Petitioner.*

*Chief Attorney Daniel T. Stacey,* of *South Carolina Office of Appellate Defense,* Columbia, *for Respondent.*

Submitted Mar. 20, 1996.

Decided Apr. 29, 1996.

TOAL, Justice:

The State appeals from the circuit court's grant of postconviction relief (PCR) to Richard Holland. We reverse the grand of PCR.

## FACTUAL/PROCEDURAL BACKGROUND

In 1993, Richard Holland pled guilty to forgery, resisting arrest, petit larceny, and two counts of accessory after the fact to a felony. He was sentenced to ten years' imprisonment on one of the accessory charges, seven year's imprisonment for forgery, one year's imprisonment for resisting arrest, and thirty days' imprisonment for petit larceny, plus restitution.[1] In addition, Holland received a ten-year sentence, suspended with five years of probation, for the second count of accessory after the fact to a felony. This ten-year sentence was to run consecutively to the sentence for the other accessory charge. The State had recommended concurrent sentences, which the judge rejected as to the second accessory charge. Holland did not file a direct appeal.

---

[1] Because the trial judge did not state otherwise, the sentences were to be served concurrently. *State v. Furman,* 288 S.C. 243, 341 S.E. (2d) 795 (1986).

In his application for PCR, Holland alleged his guilty pleas to the above-described charges were not knowingly and voluntarily made. After a PCR hearing at which both Holland and his lawyer from the plea hearing testified, the PCR court granted Holland relief. The PCR court reasoned that Holland did not understand the trial judge could sentence him to a sentence greater than that recommended by the State. The State petitioned for a writ of certiorari, which this Court granted.

## LAW/ANALYSIS

The sole issue on appeal is whether there was any evidence to support the PCR court's finding that Holland "did not knowingly and voluntarily enter a plea of guilty to all charges due to the belief that the recommendations [by the solicitor] would be followed." The State argues there was no such evidence. We agree.

To be knowing and voluntary, a plea must be entered with an awareness of its consequences. *Dover v. State*, 304 S.C. 433, 405 S.E. (2d) 391 (1991). If there is any evidence to support the findings of the PCR judge, those findings must be upheld. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989). However, this Court will not uphold the findings of a PCR court if no probative evidence supports those findings. *Cartrette v. State*, — S.C. —, 448 S.E. (2d) 553 (1994). In determining issues relating to guilty pleas, the Court may consider both the transcript of the guilty plea and the evidence presented at the PCR hearing. *Harres v. Leeke*, 282 S.C. 131, 318 S.E. (2d) 360 (1984).

At the plea proceeding, the presiding judge informed Holland of the maximum sentence for each crime with which he was charged. When the judge asked him whether he understood the potential sentences, Holland said that he did. The judge then said:

> Now, the state has indicated they are recommending that you receive concurrent sentences on these charges. What that simply means is *if I accept that recommendation* the maximum sentence that I impose would not be more than ten years. Do you understand that?

(Emphasis added.) Holland stated that he understood.

At the PCR hearing, both Holland and his former lawyer

testified about how the lawyer had advised Holland as to possible sentences. Holland testified that his lawyer had informed him of the possible sentences the charges carried and the aggregate of those sentences, *as well as of the possibility that the judge would not accept the recommendation that the sentences run concurrently.* Holland's lawyer from the plea proceeding testified that he advised his clients that a judge can require that sentences run consecutively rather than concurrently. This testimony was uncontroverted.

At most, Holland hoped the judge would accept the solicitor's sentencing recommendation and was surprised when the judge imposed consecutive sentences. However, he himself testified that he knew the judge was not required to accept the recommendation. Under these circumstances, Holland cannot complain that his guilty pleas were not knowingly and voluntarily made. Accordingly, the PCR court erred in granting relief, and the decision below is REVERSED.

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.