528 S.E.2d 418

**Lavonne RODDY, Jr., Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25075.**

Supreme Court of South Carolina.

Submitted Jan. 20, 2000.
Decided Feb. 22, 2000.

30

Attorney General Charles M. Condon, Chief Deputy, Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, for petitioner.

William G. Yarborough, III, Ashmore & Yarborough, PA, of Greenville, for respondent.

TOAL, Justice:

The State appeals the post-conviction relief ("PCR") court's order granting Lavonne Roddy, Jr. ("Respondent") a new trial

based upon an involuntary guilty plea. We reverse the PCR court.

### FACTUAL/PROCEDURAL BACKGROUND

On April 23, 1993, Respondent pled guilty to seven counts of grand larceny, three counts of breaking into a motor vehicle and grand larceny, one count of second degree burglary, two counts of third degree burglary, and accessory to a felony. Respondent pled guilty to all indicted offenses and was sentenced to confinement for a period of fifteen years. On the three counts of breaking into a motor vehicle and grand larceny, the plea judge sentenced Respondent to fifteen years; fifteen years suspended with five years probation, consecutive; and fifteen years, concurrent. On the remaining convictions, the plea judge sentenced Respondent to concurrent terms. Respondent did not appeal his guilty plea or his sentence.

On June 28, 1996, Respondent filed an application for PCR alleging he did not have a clear understanding of the consequences of his guilty plea. He claimed his guilty plea was not entered into voluntarily, knowingly, and intelligently because he was under the impression he would get concurrent time for all offenses. Respondent claims he thought the plea negotiations were binding on the court and he was unaware that the sentencing judge could deviate from these negotiations. Instead of receiving the negotiated plea, 15 years concurrent, Respondent received concurrent sentences and one 15 year sentence suspended with five years probation, consecutive. Respondent sought PCR because the 15 year consecutive sentence, suspended adversely affected his parole eligibility. Respondent wants a new trial on all offenses in hopes of getting only concurrent sentences.

After an evidentiary hearing, the PCR court granted Respondent relief. The PCR judge found that Respondent believed a guilty plea would assure him a 15 year concurrent sentence. The PCR judge ordered that PCR be granted and the case remanded for a new trial because: (1) the trial judge did not question Respondent to determine whether he understood that the trial court did not have to sentence him to a fifteen year concurrent sentence in accordance with the terms of his negotiated plea; and (2) Respondent's attorney was ineffective for not asking the sentencing judge to reconsider Respondent's sentence at the close of the plea hearing. The

State appealed arguing there was no evidence to support the PCR court's finding that Respondent involuntary entered his guilty plea. The sole issue on appeal is:

Whether the PCR judge erred in finding the Respondent's guilty plea was involuntary where the sentencing judge failed to inform the Respondent that the trial court did not have to sentence him to a 15 year concurrent term as suggested by the negotiated plea agreement?

## LAW/ANALYSIS

The State argues the record does not support the PCR court's finding that Respondent's guilty plea was involuntary. We agree.

### I. Standard of Review

When determining issues relating to guilty pleas, this Court will consider the entire record, including the transcript of the guilty pleas and the evidence presented at the PCR hearing. *Harres v. Leeke,* 282 S.C. 131, 318 S.E.2d 360 (1984). Specifically, the voluntariness of a guilty plea is not determined by an examination of a specific inquiry made by the sentencing judge alone, but is determined from both the record made at the time of the entry of the guilty plea, and also from the record of the PCR hearing. *Id.* If there is any evidence to support the findings of the PCR judge, those findings must be upheld. *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). However, where there is no evidence of probative value to support the findings of the PCR judge, the ruling will not be upheld. *Richardson v. State,* 310 S.C. 360, 426 S.E.2d 795 (1993).

### II. Guilty Plea

To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *Boykin,* the United States Supreme Court held that before a court can accept a guilty plea, a defendant must be advised of the constitutional rights he is waiving. *Id.* Specifically, a defendant must be aware of the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. *Id.*

■ In order for a defendant to knowingly and voluntarily plead guilty, he must have a full understanding of the consequences of the plea. *Dover v. State*, 304 S.C. 433, 405 S.E.2d 391 (1991) (citing *State v. Hazel*, 275 S.C. 392, 271 S.E.2d 602 (1980)). To ensure the defendant understands the consequences of his guilty plea, the trial judge usually questions the defendant about the facts surrounding the crime and punishment that could be imposed. *Id.* at 434–435, 405 S.E.2d at 392. Although the trial court is not required to direct defendant's attention to each right and obtain a separate waiver, the record should indicate the defendant was fully aware of the consequences of the guilty plea. *State v. Lambert*, 266 S.C. 574, 225 S.E.2d 340 (1976). Defendant's knowing and voluntary waiver of statutory or constitutional rights must be established by a complete record, and "may be accomplished by colloquy between court and defendant, between court and defendant's counsel, or both." *State v. Ray*, 310 S.C. 431, 437, 427 S.E.2d 171, 174 (1993). *See, e.g., Wolfe v. State*, 326 S.C. 158, 485 S.E.2d 367 (1997) (guilty plea not involuntary where the colloquy demonstrated the trial judge asked defendant twice whether he understood there were no promises and that no sentencing recommendations were binding on the judge).

■ In the instant case, the colloquy at the sentencing hearing does not support the PCR court's finding of an involuntary guilty plea. The colloquy establishes that Respondent did not have any misconceptions regarding sentencing. First, the plea judge explained the maximum sentence for each of Respondent's numerous offenses and the Respondent acknowledged that he understood the maximum sentence for each charge at the sentencing hearing. Second, the following questions during the PCR hearing illustrate that the Respondent admitted his guilty plea was not induced by any promises from his attorney:

**Question:** Did Mr. Sullivan promise you that you were going to get a 15 year sentence?

**Answer:** He didn't promise me, no ma'am. He just said that we were coming down here to try and get concurrent time because he didn't feel that Judge Eppes would want to run them concurrent.

**Question:** Okay, but you knew that Judge Eppes had the option of running them consecutive?

**Answer:** I suppose he did but I believe I would have had a better chance in front of Judge Eppes.

*See Rayford v. State,* 314 S.C. 46, 443 S.E.2d 805 (1994) (finding a guilty plea voluntary where Respondent admitted committing the crimes, acknowledged the potential sentences, and stated that his plea had not been induced by promises). Moreover, Respondent's testimony indicates he was aware the negotiated plea was not binding. In the PCR hearing, Respondent stated that his attorney advised him that he did not want Judge Eppes as a sentencing judge because he would have a better chance of getting concurrent time with another judge. Respondent believed certain judges were more likely to give him the concurrent sentences he requested. By acknowledging that these judges had the option of sentencing him to either concurrent or consecutive time, Respondent demonstrates that he was fully aware that the negotiated plea was merely an option for the judge to take into consideration when sentencing. *See Holland v. State,* 322 S.C. 111, 470 S.E.2d 378 (1996) (holding that where Respondent testified he knew judge was not required to accept recommendation, Respondent could not complain that his guilty pleas were not knowingly and voluntarily made). Lastly, at the plea proceeding, Respondent's counsel stated that they merely "hoped" the plea judge would accept the State's recommendation.

At the PCR hearing, the PCR judge granted Respondent relief because he found that everyone "expected" the plea judge to give Respondent only concurrent time. The PCR judge stated:

Now while it's true that Judge Pyle asked the Defendant whether he'd been promised a light sentence ... maybe it was everyone's expectation, including the State's, that Mr. Roddy was to get a 15 year concurrent sentence on all indictments. That was Mr. Posey's understanding, Ms. Pendleton's understanding, Mr. Sullivan's understanding, and Mr. Roddy's understanding, and for whatever reason the sentencing judge varied from the negotiated plea agreement and ran indictment 3039 consecutive which was a violation of the negotiated plea agreement. So I am going to grant Mr. Roddy a new trial....

However, when one reviews Respondent's testimony at the PCR hearing, it is clear that while Respondent may have

expected to get concurrent sentences, Respondent was never told he absolutely would get concurrent time. In fact, Respondent admitted that he was made no promises as to the sentence he would receive. According to this Court in *Wolfe,* "Wishful thinking regarding sentencing does not equal a misapprehension concerning the possible range of sentences, especially where one acknowledges on the record that one knows the range of sentences and that no promises have been made." *Wolfe,* 326 S.C. at 165, 485 S.E.2d at 371.

The facts of the instant case are analogous to the facts in *Brooks v. State,* 325 S.C. 269, 481 S.E.2d 712 (1997) and *Holland v. State,* 322 S.C. 111, 470 S.E.2d 378 (1996). In both cases we reversed the PCR court because the evidence did not support the finding that the pleas were not knowing and voluntary. However, in *Holland* the Respondent was advised by his attorney of the possibility that the judge would not accept the plea recommendation. *Holland,* 322 S.C. at 114, 470 S.E.2d at 380. In *Brooks,* because the Respondent was completely unaware of the negotiated sentence, he could not claim his plea was rendered involuntary by the judge deviating from the recommendation. *Brooks,* 325 S.C. at 272, 481 S.E.2d at 713.

We hold that where the plea judge satisfies the requirements of *Boykin,* he is not further required to tell a defendant the court is not bound by a negotiated plea agreement. However, in order to prevent situations similar to the instant case and ensure defendants are aware of the consequences of their guilty plea, attorneys should advise defendants of the possibility that the plea judge may deviate from the sentence recommendation. *See Holland, supra* (attorney advising defendant of the possibility that the judge may not accept the recommendation that the sentences run concurrently rendered plea voluntary).

### CONCLUSION

Based on the foregoing, the PCR court's order granting Respondent a new trial is **REVERSED.**

FINNEY, C.J., MOORE, WALLER, and BURNETT, JJ., concur.