548 S.E.2d 866

John BRANNON, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 25309.

Supreme Court of South Carolina.

Submitted May 24, 2001.
Decided June 25, 2001.

Joseph L. Savitz, III, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, all of Columbia, and Assistant Attorney General Kathleen Hodges, of Greenville, for respondent.

WALLER, Justice:

We granted a writ of certiorari to review the denial of Post–Conviction Relief (PCR) to Petitioner, John Brannon. We remand for an evidentiary hearing to ascertain whether Brannon knowingly and voluntarily withdrew his PCR application.

## FACTS

Brannon pled guilty to armed robbery in 1994 and was sentenced to 21 years. He filed for PCR claiming, *inter alia,* he should have received a more lenient sentence. When Brannon advised the PCR court he wanted his sentenced reduced, the court advised it did not have authority to do so; counsel then indicated Brannon wished to withdraw his PCR application. The motion was granted without further discussion.

A written order was subsequently filed which, rather than simply permitting withdrawal of Brannon's application, dismissed the application with prejudice. Although the order of dismissal indicates Brannon was questioned to ensure the withdrawal of his application was free and voluntary, no such questioning took place on the record.

## ISSUE

Did the PCR court err in dismissing Brannon's PCR application with prejudice without an inquiry to determine whether the withdrawal was knowing and voluntary?

## DISCUSSION

The burden is on the applicant in a post-conviction proceeding to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 334 S.E.2d 813 (1985). An appellate court must affirm the PCR court's decision when its findings are supported by any evidence of probative value. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). However, an appellate court will not affirm the decision when it is not supported by any probative evidence. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

Here, there is no evidence supporting the PCR court's ruling that the withdrawal of Brannon's PCR application was knowing and voluntary. Contrary to the language in the PCR court's order, there was no inquiry conducted to ascertain the voluntariness of the withdrawal, nor was Brannon advised his withdrawal would result in a dismissal with prejudice.

A defendant's knowing and voluntary waiver of statutory or constitutional rights must be established by a complete record, and may be accomplished by colloquy between court and defendant, between court and defendant's counsel, or both. *Roddy v. State*, 339 S.C. 29, 528 S.E.2d 418 (2000); *State v. Ray*, 310 S.C. 431, 437, 427 S.E.2d 171, 174 (1993); *Whitehead v. State*, 310 S.C. 532, 426 S.E.2d 315 (1992)(PCR judge must, if a hearing is held, either appoint counsel for indigent defendants or obtain a knowing, voluntary waiver thereof); *Carter v. State*, 293 S.C. 528, 362 S.E.2d 20 (1987)(where PCR applicant is represented by his trial counsel at PCR, court must obtain a waiver of claims of ineffective assistance on the record).

We find the PCR court erred in failing to ascertain the voluntariness of Brannon's withdrawal prior to dismissing his application with prejudice. *Roddy, supra.* Accordingly, as there is no evidence supporting the PCR court's ruling, we remand for an evidentiary hearing on the matter. If his

withdrawal was not knowing and voluntary, then Brannon may proceed with his PCR application.[1]

TOAL, C.J., and MOORE, BURNETT and PLEICONES, JJ., concur.

---

1. We have consistently held a PCR applicant is entitled to one full bite at the apple. *Odom v. State,* 337 S.C. 256, 523 S.E.2d 753 (1999); *Gamble v. State,* 298 S.C. 176, 178, 379 S.E.2d 118, 119 (1989); *Carter v. State,* 293 S.C. 528, 362 S.E.2d 20 (1987); *Case v. State,* 277 S.C. 474, 289 S.E.2d 413 (1982).