732 S.E.2d 871

**Larry Gene MOORE, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 27173.

Supreme Court of South Carolina.

Submitted March 21, 2012.

Decided Sept. 26, 2012.

Appellate Defender Robert Dudek, South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. Mcintosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Suzanne H. White, all of Columbia, for Respondent.

Chief Justice TOAL.

Larry Gene Moore (Petitioner) contests the postconviction relief (PCR) court's finding that he received effective assistance of counsel. Petitioner's trial counsel waived Petitioner's right to a jury trial and opted instead for a bench trial as part of the defense strategy. Petitioner asserts that he did not

wish to waive this right, and as a result, he received ineffective assistance of counsel. We reverse and remand.

## FACTUAL/PROCEDURAL HISTORY

On January 17, 2004, Petitioner took several items off the shelf at a Wal–Mart in Spartanburg County. A loss prevention officer observed Petitioner and followed him past the last point of payment, and onto the sidewalk immediately outside the store. The officer approached Petitioner and stated that he needed to talk to him regarding some unpaid merchandise. Petitioner reached into his pocket, presented a gun, and said "what this, are you sure?" Petitioner then fled the scene and was apprehended a short time later by police.

The Spartanburg County Grand Jury indicted Petitioner for armed robbery. Petitioner proceeded to trial where his counsel informed the court that Petitioner would prefer a bench trial.

State: Your Honor, if it pleases the Court. Before you is [Petitioner].... The indictment has been true billed by the Grand Jury. He's represented by [counsel]. It's my understanding that the defendant wishes to waive his right to a jury trial and proceed with a bench trial before the court, [sic] which the State consents.

The court: [Counsel] is that correct?

Counsel: Yes, Your Honor

The court: You ready to go forward at this time?

State: We are your honor.

The Court: All right. Be happy to hear from you ... from the State.

Petitioner was convicted and sentenced to fifteen years' imprisonment. Petitioner appealed his conviction and the court of appeals affirmed. This Court denied the subsequent petition for writ of certiorari. Petitioner then filed an application for PCR relief. Petitioner testified at the PCR hearing regarding his understanding of how his trial would be conducted:

Q: Okay. Before you went to your hearing in March of 2005, what was your understanding of what was gonna [sic] happen that day?

A: For the hearing or the trial?

Q: The trial.

A: I don't—well, really I—I really didn't know. I thought I would take a jury trial, but I end up with a bench trial.

Q: Let me ask you some questions about that. Before your hearing, your trial, had [counsel] discussed the idea of a jury trial with you?

A: As far as my knowledge, I wanted to take a jury trial, but he was saying something about a bench trial. But I really didn't know the difference between a bench trial and a jury trial. But I just know—only thing I know was it wasn't gonna [sic] be no jury there.

Q: Did you know ahead of time that it was going to be just a bench trial and not a jury—trial?

A: No, sir.

Q: Was it your understanding, when you walked in that day that you were gonna [sic] pick a jury?

A: That's what I was thinking.

Petitioner's trial counsel also testified regarding the waiver. Trial counsel testified that since the facts of the case were uncontested, his strategy was to contest only the legal issue of whether the facts supported a charge of armed robbery. Specifically, he noted that the asportation of the property had already occurred at the point that Petitioner used the weapon, and thus Petitioner did not use the weapon in order to force anyone to relinquish any merchandise. Petitioner merely used the weapon in the process of escape.

Q: Did you thoroughly explain to him that, by having a bench trial, he was waiving his right to a jury trial?

A: I believe that I did.

Q: Did he have any questions about that?

A: I can't recall. I know that we discussed the issues a little bit. But I can't recall any specific questions that he had.

Q: Did he seem to understand that he was, in fact, waiving his right to a jury trial?

A: I believe so.

. . . .

Q: Okay. Whose decision was it to go to trial?

A: [Petitioner's].

Q: And ultimately whose decision was it to go to trial on a bench trial?

A: [Petitioner's].

The court dismissed Petitioner's PCR claim with prejudice. The court's order stated that Petitioner made the decision to waive his right to a jury of his own accord after a *detailed* discussion with his attorney. The court also observed that the State presented testimony that trial counsel discussed the jury trial waiver *at length* with Petitioner prior to the decision to waive that right. Thus, Petitioner failed to "overcome his burden and show counsel was ineffective." Petitioner then filed a petition for writ of certiorari, and this Court granted that petition.

## ISSUE PRESENTED

Did the PCR judge err in concluding that Petitioner received effective assistance of counsel?

## STANDARD OF REVIEW

The burden is on the applicant in a PCR proceeding to prove the allegations in his application. *Butler v. State,* 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985). On certiorari in a PCR action, this Court applies an "any evidence" standard of review. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). Accordingly, the Court will affirm if any evidence of probative value in the record exists to support the finding of the PCR court. *Id.* at 119, 386 S.E.2d at 626.

## LAW/ANALYSIS

The United States Constitution provides that "the Trial of all Crimes, except in Cases of Impeachment, shall be by Jury." U.S. Const. art. 3, § 2. Attorneys have a duty to consult with their clients regarding "important decisions," including questions of overarching "defense strategy." *Florida v. Nixon,* 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (citation omitted). This does not require counsel to obtain the defendant's consent on every strategic decision, but

certain decisions regarding the waiver of basic trial rights cannot be made for the defendant by surrogate. *Id.* A defendant has the *"ultimate authority"* to determine whether to "plead guilty, *waive a jury,* testify on his own behalf, or take an appeal." *Id.* (emphasis added). A defendant's waiver of the right to a jury trial must be knowing, voluntary, and intelligent. *Patton v. United States,* 281 U.S. 276, 312–13, 50 S.Ct. 253, 74 L.Ed. 854 (1930), *overruled on other grounds by Williams v. Florida,* 399 U.S. 78, 92, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). A defendant's knowing and voluntary waiver of statutory or constitutional rights must be established by a complete record, and may be accomplished by a colloquy between the court and defendant, between the court and defendant's counsel, or both. *Roddy v. State,* 339 S.C. 29, 34, 528 S.E.2d 418, 421 (2000).

In *Brannon v. State,* 345 S.C. 437, 548 S.E.2d 866 (2001), the defendant pled guilty to armed robbery and was sentenced to twenty-one years' imprisonment. The defendant filed a PCR claim seeking a more lenient sentence. *Id.* at 438, 548 S.E.2d at 867. The trial judge explained to the defendant that he did not have the authority to do so, and counsel indicated that the defendant wanted to withdraw his PCR application. *Id.* The subsequent written order dismissed the application with prejudice. *Id.* This Court reviewed the case in order to determine whether the PCR court erred in dismissing the case without an inquiry as to whether the withdrawal was knowing and voluntary. *Id.* at 439, 548 S.E.2d at 867.

This Court reversed and held that "[A] defendant's knowing and voluntary waiver of statutory or constitutional rights *must* be established by a complete record, and may be accomplished by a colloquy between the court and defendant, between the court and defendant's counsel, or both." *Id.* (emphasis added).

In *Spoone v. State,* 379 S.C. 138, 665 S.E.2d 605 (2008), this Court explained the appellate review of a knowing and voluntary waiver. In that case, the defendant pled guilty to murder, first degree burglary, and possession of a weapon during a violent crime. *Id.* at 139–40, 665 S.E.2d at 606. In accordance with the plea agreement, the trial court sentenced the defendant to life in prison without the possibility of parole. *Id.* at 140, 665 S.E.2d at 606. As part of the agreement, the

defendant waived his right to all appeals and PCR applications. *Id.* However, following his incarceration the defendant filed a PCR application, and alleged that the PCR court erred in dismissing that application pursuant to his plea agreement. *Id.*

■ This Court held that such waivers are effective only if they are made knowingly and voluntarily. *Id.* at 142, 665 S.E.2d at 607. In order to determine whether the agreement is knowing and voluntary, the Court examines the particular facts and circumstances in the case, including the background, experience, and conduct of the accused. *Id.* at 143, 665 S.E.2d at 607. In applying this framework to the defendant in that case, this Court found his waiver was made knowingly and voluntarily. *Id.* at 14344, 665 S.E.2d at 608. Although the defendant possessed only a ninth-grade education, the text of the plea agreement was straightforward. *Id.* Moreover, the trial court specifically asked the defendant about the plea agreement in the language of the agreement, and in "plain language." *Id.* The defendant was represented by two lawyers at the trial level, and both of these lawyers signed the plea agreement along with the defendant himself. *Id.* Thus, this Court held the PCR court correctly enforced the waiver, and dismissed the defendant's PCR application. *Id.*

■ In the instant case, Respondent asserts that Petitioner failed to establish counsel was ineffective in part because he did not recall "telling counsel that he wished to have a jury trial or asking counsel any questions about when a jury would be selected." However, this argument exhibits a fundamental misunderstanding of what this Court's waiver jurisprudence commands. The validity of a defendant's waiver does not turn on his communication with counsel, but rather on the presence of a record supporting the validity of that waiver. Both the trial and PCR courts in this case conducted a deficient analysis of Petitioner's waiver. The Record is devoid of any evidence to support the PCR court's finding that trial counsel's discussions regarding the waiver were at "length" or "detailed." Petitioner's trial counsel could not testify that he definitely explained to Petitioner the differences between a jury trial and a bench trial. He also could not recall whether Petitioner had any questions regarding that distinction, but was inexplicably able to testify that Petitioner definitely want-

ed to move forward with a bench trial. The Record reflects that there was *no* colloquy between the court and Petitioner's trial counsel or Petitioner regarding the waiver.[1] Petitioner testified at his PCR hearing that he completed only the seventh grade, and that he cannot read or write. Petitioner testified that he did not know ahead of time that he was going to have a bench trial and not a jury trial, and that he wanted a jury trial.[2]

The waiver in the instant case is not supported by a complete record. The PCR court erred in finding that Petitioner made a knowing and voluntary waiver of a sacrosanct right found in both the state and federal constitutions. We reverse and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

BEATTY and KITTREDGE, JJ., concur.

PLEICONES, J., dissenting in a separate opinion in which HEARN, J., concurs.

---

1. We disagree with the dissent's assertion that the extremely limited exchange that took place between the trial court and trial counsel could be properly characterized as a colloquy. A "colloquy" is defined as "any formal discussion, such as an oral exchange between a judge, the prosecutor, the defense counsel, and a criminal defendant in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights." *Black's Law Dictionary* 221 (8th ed.2005). Colloquy has also been defined as a "high-level serious discussion." *Webster's Ninth New Collegiate Dictionary* 260 (9th ed.1989); *see New World Dictionary* 280 (2d ed.1976) (defining colloquy as a "conversation, esp. a formal discussion; conference"). The exchange which took place in the instant case does not meet even a banal definition of colloquy, and falls far short of the "high-level serious discussion" necessary to support the waiver of a defendant's constitutional right to a jury of his peers.

2. Contrary to the dissent's analysis, trial counsel's testimony at the PCR hearing does not meet the "any evidence" standard, and does not require this Court to affirm. The PCR court found that Petitioner waived his right to a jury trial; however, the only evidence supporting that erroneous determination is trial counsel's testimony. That testimony illustrates a trial strategy, and decision-making process, incompatible with the demands of this Court's waiver jurisprudence. The bare fact that this testimony exists, does not mean that this testimony constitutes evidence of a valid waiver, even under a deferential standard of review.

Justice PLEICONES.

I respectfully dissent. Although I am sympathetic with the majority's desire to protect Petitioner's right to jury trial, in my view our precedents compel affirmation of the post-conviction relief (PCR) court.

The question whether a defendant knowingly and voluntarily waived his right to jury trial is determined not only from the trial record but also from the record of the PCR hearing. *See Harres v. Leeke*, 282 S.C. 131, 133, 318 S.E.2d 360, 361 (1984) ("[T]he voluntariness of a guilty plea is not determined by an examination of the specific inquiry made by the sentencing judge alone, but is determined from both the record made at the time of the entry of the guilty plea and the record of the post-conviction relief hearing." (citation omitted)); *Roddy v. State*, 339 S.C. 29, 33, 528 S.E.2d 418, 420–21 (2000) (same). This standard applies to the waiver of fundamental rights, including the right to trial by jury. *See Brown v. State*, 317 S.C. 270, 272, 453 S.E.2d 251, 252 (1994) ("An on-the-record waiver of a constitutional or statutory right is but one method of determining whether the defendant knowingly and intelligently waived that right.... [Where the record is silent, r]eview of this issue is better left to a post conviction relief proceeding where the facts surrounding the trial can be fully explored." (internal citations and quotation marks omitted)); *Roddy*, 339 S.C. at 33, 528 S.E.2d at 421 (addressing voluntariness of guilty plea and noting that guilty plea involves waiver of right to jury trial); *Harres, supra* (voluntariness of guilty plea); *Spoone v. State*, 379 S.C. 138, 665 S.E.2d 605 (2008) (waiver of right to appeal).

Thus, the question whether Petitioner's waiver was knowing and voluntary was one for the PCR court, and its finding must be upheld if *any* evidence in the record supports it. *See Roddy*, 339 S.C. at 33–35, 528 S.E.2d at 420–21 (applying any evidence standard and reversing PCR court's grant of relief based in part on evidence from PCR hearing); *Brannon v. State*, 345 S.C. 437, 439, 548 S.E.2d 866, 867 (2001) (applying any evidence standard and remanding for PCR court to hold evidentiary hearing on issue whether withdrawal of PCR application was knowing and voluntary); *Spoone*, 379 S.C. 138, 665 S.E.2d 605 (affirming PCR court's determination that

waiver of appellate rights was knowing and voluntary despite lack of specific questioning by plea court on defendant's understanding of waiver). In this case, the PCR court found that the waiver was knowingly and voluntarily made by Petitioner, and trial counsel's testimony at the PCR hearing is evidence in the written record that supports that finding. Thus, under our standard of review, we must affirm.

Further, I disagree that there was no colloquy between the court and Petitioner or Petitioner's counsel. Such a colloquy occurred when the trial court inquired whether Petitioner wished to waive his right to trial by jury and trial counsel specifically assented.

Moreover, even if Petitioner's waiver of jury trial were invalid, he would not be entitled to relief. Prejudice is not presumed except in certain limited circumstances, and these do not include improper waiver of jury trial. *See Strickland v. Washington,* 466 U.S. 668, 691–93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, Petitioner must show prejudice. This he cannot do, as no facts were in dispute at trial. Petitioner admitted the theft, and his version of the facts did not materially differ from the State's version. His theory at trial was strictly legal: that he did not use force or intimidation to steal the property but only to retain it and escape, and thus the State could not prove the elements of armed robbery.

Therefore, I would affirm the order of the PCR court.

HEARN, J., concurs.