**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Dallas Ferrell, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2012-213320

Appeal from the Administrative Law Court
The Honorable Shirley C. Robinson, Administrative Law Judge

Memorandum Opinion No. 2014-MO-011
Heard April 15, 2014 – Filed April 23, 2014

**AFFIRMED**

Tommy A. Thomas, of Irmo, for Appellant.

Tommy Evans, Jr., of Columbia, for Respondent.

**PER CURIAM:** Dallas Ferrell appeals the administrative law court's affirmance of the South Carolina Department of Probation, Parole and Pardon Services' denial of his request for parole consideration. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Brady v. United States*, 397

U.S. 742, 751 (1997) (holding that the fact that a plea was "motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law" does not render the plea invalid); *Godinez v. Moran*, 509 U.S. 389, 397–400 (1993) (holding that a defendant must be competent in order to knowingly and voluntarily enter into an agreement); *Spoone v. State*, 379 S.C. 138, 141–44, 665 S.E.2d 605, 606–08 (2008) (holding the knowing and voluntary standard is the proper standard by which to judge the validity of a plea agreement in a non-capital case where the agreement waived the defendant's rights to appellate, post-conviction relief, and habeas review, and holding the defendant knowingly and voluntarily entered into the agreement); *Roddy v. State*, 339 S.C. 29, 33, 528 S.E.2d 418, 421 (2000) ("To find a guilty plea is voluntarily and knowingly entered into, the record must establish that the defendant had a full understanding of the consequences of his plea and the charges against him."); *Sims v. State*, 313 S.C. 420, 423, 438 S.E.2d 253, 254 (1993) (holding that a defendant is competent when he has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**