**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Robert Duncan McCall, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-175426

————————

**ON WRIT OF CERTIORARI**

————————

Appeal From Greenville County
Edward W. Miller, Trial Court Judge
Robin B. Stilwell, Post-Conviction Relief Judge

————————

Opinion No. 2015-UP-344
Heard February 2, 2015 – Filed July 15, 2015

————————

**AFFIRMED**

————————

J. Falkner Wilkes, of Greenville, for Petitioner.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Karen Christine Ratigan, and Assistant Attorney General John Walter Whitmire, of Columbia, for Respondent.

**PER CURIAM:**  Robert McCall was convicted of first-degree criminal sexual conduct (CSC) with a minor and lewd act upon a child.  He appeals from the denial and dismissal of his application for post-conviction relief (PCR), arguing his trial counsel was ineffective for not properly preparing, presenting, raising, and preserving the issue of whether Victim should have received an independent psychological examination.  We affirm.

Trial counsel must provide "reasonably effective assistance" under "prevailing professional norms."  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Reviewing courts presume counsel was effective.  *Id.* at 690.  To receive relief, the applicant must show (1) counsel was deficient and (2) counsel's deficiency caused prejudice.  *Id.* at 687.  An attorney's performance is not deficient if it is reasonable under professional norms.  *Cherry v. State*, 300 S.C. 115, 117, 386 S.E.2d 624, 625 (1989).  Prejudice is defined as a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*  "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."  *Id.* at 700.

Dr. Allison Foster, an expert in psychology and interview techniques, testified at the PCR hearing on behalf of McCall.  She believed the basis of the pre-trial motion was to receive a forensic evaluation.  She testified she believed a forensic evaluation was appropriate in this case; however, she could not testify to what the results would have been.  She opined the appropriate standard for forensic interviewing was not met in this case.  Although she did not specifically answer the State's question about whether a forensic interview is the same thing as a psychological evaluation, she testified:

> The forensic interview arguably is just the interview itself.  A psychological evaluation may or may not have been warranted but a licensed Master's level or Doctorate level evaluator who could have met this child would have been able to appraise the need for further evaluation such as neuro[-]psychological testing or a psychiatric consult or whatever that evaluator might have deemed appropriate, but at least that way a mental health

professional who specializes in this area would have been able to make that determination about what else is needed if anything.

The PCR court determined Dr. Foster's testimony was speculative and could not be given much weight and noted Dr. Foster did not testify about whether or not Victim should have received a psychological examination.

We find McCall failed to prove prejudice because he did not present evidence at the PCR hearing that would support an order allowing an independent psychological examination. *See Strickland*, 466 U.S. at 687 (providing that to receive relief, the applicant must show (1) counsel was deficient *and* (2) counsel's deficiency caused prejudice); *id.* at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."). Dr. Foster testified about the importance of a *forensic* evaluation, not a *psychological* examination. Thus, her testimony is not relevant to the question of whether McCall was entitled to an independent psychological examination of Victim, and there is no reasonable probability the court would have ordered an independent psychological examination if trial counsel had presented the evidence that was presented at the PCR hearing. *See Strickland*, 466 U.S. at 694 (defining prejudice as a reasonable probability that the outcome would have been different but for trial counsel's deficient performance). Accordingly, we find McCall failed to prove prejudice.

**AFFIRMED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**