**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Herman Lee Hughes, Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-167667

Appeal From Calhoun County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2016-UP-178
Heard March 9, 2016 – Filed April 13, 2016

**REVERSED AND REMANDED**

Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, for Respondent.

**PER CURIAM:** Herman Lee Hughes, Jr. appeals the summary dismissal of his 2007 application for post-conviction relief (PCR), arguing this court should

remand the case to the PCR court for a hearing to determine whether he knowingly and voluntarily waived the right to appeal the denial of his 1998 PCR application. We reverse and remand.

On May 26, 1994, a Calhoun County grand jury indicted Hughes for murder, armed robbery, assault and battery with intent to kill (ABWIK), and grand larceny. After a hearing, the family court granted the State's petition to transfer the action and waived jurisdiction to the court of general sessions for Hughes—then only sixteen years of age—to be tried as an adult. Following trial, a jury convicted Hughes on all indicted charges, and the circuit court thereafter sentenced him to death for murder, twenty-five years consecutive for armed robbery, twenty-five years consecutive for ABWIK, and five years concurrent for grand larceny. Our supreme court then affirmed his convictions on direct appeal. *State v. Hughes*, 328 S.C. 146, 148, 493 S.E.2d 821, 821 (1997), *cert. denied*, 523 U.S. 1097 (1998).

Hughes filed his first PCR application in 1998, raising numerous grounds of alleged ineffective assistance of counsel. The PCR court denied his application in an order dated December 8, 2000. Nevertheless, the PCR court subsequently issued an order granting Hughes's request to stay the proceedings pending the outcome of a case before the U.S. Supreme Court concerning whether a person who commits murder while under the age of eighteen may be sentenced to death. During the stay, the Court resolved the issue in *Roper v. Simmons*, 543 U.S. 551, 568 (2005), holding a person under the age of eighteen who is convicted of murder may not be sentenced to death. In light of *Roper*, the PCR court vacated Hughes's death sentence and granted a new sentencing proceeding. After a hearing, the circuit court resentenced Hughes to life in prison on the murder charge.

In 2007, Hughes filed his second PCR application, raising the following claims for ineffective assistance of counsel: (1) trial counsel failed to strike jurors who had personal knowledge of the case for which he was on trial, (2) trial counsel failed to impeach witness testimony for perjury, and (3) trial counsel failed to have him psychologically evaluated prior to him being tried as an adult.

Thereafter, the State filed a motion to dismiss, arguing the 2007 PCR application was successive to the 1998 PCR application challenging the same convictions. The second PCR court agreed and issued a conditional order of dismissal based upon its finding that Hughes's 2007 application was successive. In his response to the conditional order of dismissal, Hughes argued the following:

> The issues raised by the applicant were ruled upon by a prior judge. But each issue was inadequately raised. Furthermore the applicant's right to appeal these issues to a higher court was involuntarily waived. Upon the prior PCR judge's ruling on the issues in this case, the applicant's case was placed on hold, for a ruling from the United States Supreme Court, regarding children being put to death in this country. Upon a favorable ruling, the applicant was removed from death row and resentenced. What the applicant places emphasis on here is that he never waived his right to continue challenging his conviction. Therefore the applicant should have a rehearing on the issues presented, and for this court to rule on whether or not the applicant should be allowed to pursue an appeal from the prior PCR ruling or from a new ruling of this court. All the applicant seeks is his full one bite at the apple.

The second PCR court found Hughes failed to make a sufficient showing as to why the conditional order should not be final and dismissed his 2007 PCR application.

On July 16, 2010, Hughes filed a notice of appeal, pro se, and offered an explanation—pursuant to Rule 243(c), SCACR—as to why the second PCR court erred in finding his application successive. Appointed counsel subsequently filed a petition for a writ of certiorari on Hughes's behalf, pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), asserting the sole arguable ground was "[w]hether [Hughes]'s case should be remanded to determine if he knowingly and intelligently waived his right to appeal the denial of his first [PCR] action." This court denied counsel's motion to be relieved and directed the parties to address the issue raised in the *Johnson* petition. Subsequently, this court granted Hughes's petition for a writ of certiorari to review the second PCR court's decision in an order dated December 12, 2014.

Section 17-27-70 of the South Carolina Code (2014) sets forth the procedure for summary dismissal of a PCR application as follows:

> (b) When a [PCR] court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to [PCR] and no purpose would be served by any further proceedings, it may indicate to

the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

(c) The [PCR] court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

If a PCR applicant alleges specific instances of ineffective assistance of counsel and the record before the PCR court does not conclusively refute those allegations, then a question of fact arises that can only be resolved by a hearing. *Delaney v. State*, 269 S.C. 555, 556, 238 S.E.2d 679, 679 (1977) (per curiam). "Summary dismissal of a PCR application without a hearing is appropriate only when (1) it is apparent on the face of the application that there is no need for a hearing to develop any facts and (2) the applicant is not entitled to relief." *Pelzer v. State*, 378 S.C. 516, 519, 662 S.E.2d 618, 619 (Ct. App. 2008). "When considering the State's motion for summary dismissal of an application for PCR, a [court] must assume facts presented by an applicant are true and view those facts in the light most favorable to the applicant." *Wilson v. State*, 348 S.C. 215, 217, 559 S.E.2d 581, 582 (2002). "Likewise, this court must view the facts in the same fashion when reviewing the appropriateness of a dismissal." *Pelzer*, 378 S.C. at 519, 662 S.E.2d at 619.

Our courts have consistently held a PCR applicant is "entitled to a full and fair opportunity to present claims in one PCR application." *Odom v. State*, 337 S.C. 256, 261, 523 S.E.2d 753, 755 (1999). In other words, an "applicant is entitled to one full bite at the apple." *Brannon v. State*, 345 S.C. 437, 440 n.1, 548 S.E.2d 866, 867 n.1 (2001). South Carolina law "forbids a successive PCR application unless an applicant can point to a 'sufficient reason' why the new grounds for relief [the applicant] asserts were not raised[] or were not raised properly." *Aice v. State*, 305 S.C. 448, 450, 409 S.E.2d 392, 394 (1991).

"Successive PCR applications and appeals are generally disfavored because they allow an applicant to receive more than 'one bite at the apple as it were.'" *Graham v. State*, 378 S.C. 1, 3, 661 S.E.2d 337, 338 (2008) (quoting *Odom*, 337 S.C. at 261, 523 S.E.2d at 755). "A successive PCR application is one that raises grounds not raised in a prior application, raises grounds previously heard and determined, or raises grounds waived in prior proceedings." *Odom*, 337 S.C. at 261, 523 S.E.2d at 755. "[T]o be entitled to a successive PCR application, the applicant must establish that the grounds raised in the subsequent application could not have been raised in the previous application." *Id.* "[A]s long as it was possible to raise [an] argument in [the] first PCR application, an applicant may not raise it in a successive application." *Aice*, 305 S.C. at 450, 409 S.E.2d at 394.

Our courts have "allowed successive PCR applications where the applicant has been denied complete access to the appellate process." *Odom*, 337 S.C. at 261, 523 S.E.2d at 755. "The right to seek appellate review of the denial of PCR is expressly authorized by state law." *Austin v. State*, 305 S.C. 453, 454, 409 S.E.2d 395, 396 (1991) (citing S.C. Code Ann. § 17-27-100 (1985)). "A PCR applicant is entitled to an *Austin* appeal if the PCR [court] affirmatively finds either[] (1) the applicant requested and was denied an opportunity to seek appellate review[,] or (2) the right to appellate review of a previous PCR order was not knowingly and intelligently waived." *Odom*, 337 S.C. at 262, 523 S.E.2d at 756.

"[T]o determine whether a waiver is effective, the court examines the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused." *Narciso v. State*, 397 S.C. 24, 33, 723 S.E.2d 369, 373 (2012). "A defendant's knowing and voluntary waiver of statutory or constitutional rights must be established by a complete record, and may be accomplished by [a] colloquy between [the] court and defendant, between [the] court and defendant's counsel, or both." *Brannon*, 345 S.C. at 439, 548 S.E.2d at 867.

We find the second PCR court erred in summarily dismissing Hughes's 2007 PCR application without holding an evidentiary hearing to determine whether he voluntarily waived the right to appeal the first PCR court's order. Viewing the facts in a light most favorable to Hughes, we find his response to the conditional order sufficiently raised an issue of fact that could entitle him to relief. *See Pelzer*, 378 S.C. at 519, 662 S.E.2d at 619 (stating an appellate court reviewing the PCR court's summary dismissal of an application "must assume facts presented by an applicant are true and view those facts in the light most favorable to the applicant"); *Odom*, 337 S.C. at 262, 523 S.E.2d at 756 (stating an "applicant is

entitled to an *Austin* appeal if the PCR [court] affirmatively finds either[] (1) the applicant requested and was denied an opportunity to seek appellate review[,] or (2) the right to appellate review of a previous PCR order was not knowingly and intelligently waived").  Further, the record does not indicate whether Hughes waived his right to appeal the dismissal of his first PCR application.  *See Brannon*, 345 S.C. at 439, 548 S.E.2d at 867 (stating "[a] defendant's knowing and voluntary waiver of statutory or constitutional rights must be established by a complete record").  Because Hughes raised an issue of fact for which he may be entitled to relief and the record does not indicate whether he waived the right to appeal, we find the PCR court erred in summarily dismissing his 2007 PCR application.

Accordingly, we reverse the second PCR court's summary dismissal of Hughes's PCR application and remand solely for a hearing to determine whether he knowingly and voluntarily waived his right to appeal the first PCR court's order.

**REVERSED AND REMANDED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**